UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS EPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 1:17-cv-02866 |
| ) | |
| SCHWAN'S FOOD SERVICE, INC. and ) | |
| SCHWAN'S HOME SERVICE, INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Mr. Curtis Epp, hereinafter Mr. Epp, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files his Complaint against the Defendant, Schwan's Food Service, Inc. and Schwan's Home Service, Inc., hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983, and violation of the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq. ("FMLA").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of

1

Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Epp, is a male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.
5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.
6. Defendant is a foreign for-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about April 18, 2016, Mr. Epp filed timely charges of Disability Discrimination in violation of Title VII and the ADA, and violations of FMLA against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2016-00112.
8. On or about May 25, 2017, Mr. Epp received a Notice of Right to Sue from the EEOC for Charge Number 470-2016-00112, entitling him to commence action within ninety (90)

days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Mr. Epp on or about December 1, 2013.

11. Throughout his employment with Defendant, Mr. Epp met or exceeded Defendant's legitimate expectations of performance.

12. On or about April 21, 2016, Mr. Epp had a pituitary tumor removed.

13. Mr. Epp went on six (6) weeks of short term disability.

14. Mr. Epp was released to return to work on or about June 6, 2016.

15. On or about June 2, 2016, Mr. Epp renewed his CDL license and medical certificate.

16. Mr. Epp passed the physical required for his CDL.

17. On or about June 3, 2016, Mr. Epp received a call from the Defendant informing him he could not return to work despite being released and passing his physical.

18. The Defendant terminated Mr. Epp.

19. The Defendant informed Mr. Epp that they had to terminate him due to his risk of seizures.

20. Mr. Epp was never informed by any medical professional that he would be at risk for seizures.

21. Mr. Epp provided the Defendant with a statement from his treating physician opining that Mr. Epp has no risk of seizures.

22. The Defendant failed to communicate with Mr. Epp regarding his disability and need for accommodation as required under the ADA.

23. The Defendant failed to hold a position open for Mr. Epp while he was on leave as required by FMLA.

24. The Defendant intentionally failed to accommodate Mr. Epp's disability.

25. The Defendant intentionally terminated Mr. Epp due to his disability.

26. The Defendant treated similarly situated non-disabled individuals more favorably than Mr. Epp.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Mr. Epp, for his first claim for relief against Defendant, states as follows:

27. Mr. Epp hereby incorporates by reference paragraphs 1 through 26 as though previously set out herein.

28. At all times relevant to this action, Mr. Epp was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

29. The conduct as described hereinabove constitutes discrimination on the basis of Mr. Epp's disability.

30. Defendant intentionally and willfully discriminated against Mr. Epp because he is disabled and/or because Mr. Epp has a record of being disabled and/or because Defendant regarded Mr. Epp as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

31. Defendant's actions were intentional, willful and in reckless disregard of Mr. Epp's rights as protected by the ADA and Title VII.

32. Ms. Epp has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## FAMILY MEDICAL LEAVE ACT

33. Mr. Epp hereby incorporates by reference paragraphs 1 through 32 as though previously set out herein.

34. Defendant terminated Mr. Epp in retaliation for requesting medical leave and otherwise asserting his rights under the FMLA.

35. Defendant's termination of Mr. Epp was in violation of his rights under the FMLA.

36. Defendant failed to give Mr. Epp notice of his rights under the FMLA.

37. Defendant did not hold a position for Mr. Epp as required under FMLA.

38. Defendant's actions were intentional, willful, malicious and done in reckless disregard of Mr. Epp's legal rights under the FMLA.

39. Mr. Epp has suffered economic damages as a result of Defendant's unlawful acts.

40. Mr. Epp has suffered emotional distress damages as a result of Defendant's unlawful acts.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Mr. Epp, respectfully requests that this Court enter judgment in his favor and:

a. Order Defendant to pay Mr. Epp his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Mr. Epp all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Mr. Epp all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Mr. Epp, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ Heather R. Falks
Heather R. Falks 29907-41
David W. Stewart 14968-49
STEWART & STEWART Attorneys
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
heatherf@getstewart.com
David@getstewart.com
Attorneys for Plaintiff